E-FILED
Monday, 29 September, 2014 04:03:08 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-cv-1256 |
| | ) | |
| CHRISTINA PRESTON, | ) | |
| Individually, and as officer, | ) | |
| director, shareholder, | ) | |
| principal, manager and/or | ) | |
| member of WILD BERRIES | ) | |
| GROUP, LLC, d/b/a WILD | ) | |
| BERRIES RESTAURANT; | ) | |
| WILD BERRIES GROUP, LLC, | ) | |
| d/b/a WILD BERRIES | ) | |
| RESTAURANT; and | ) | |
| STEPHANIE KARONIS, | ) | |
| Individually, and d/b/a WILD | ) | |
| BERRIES RESTAURANT, | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff DirecTV, LLC's (DirecTV) Motion to Approve Alternate Means of Service of Process (d/e 7) is ALLOWED in part. DirecTV seeks to serve the Defendants by certified mail because their efforts to effect personal service have been unsuccessful. Motion, at 2; Returns of Service, Unsuccessful (d/e 4, 5, and 6). The two individual Defendants have moved

and left no forwarding address. The registered agent for service of process for Defendant Wild Berries Group, LLC, (Wild Berries) no longer works at the registered address. DirecTV asks for authority to serve all three Defendants by first class certified mail, return receipt requested, at Wild Berries principal place of business, 115 S. Veterans Parkway, Normal Illinois 61761. DirecTV asks that service be complete on the date the returned receipt is signed.

DirecTV may serve the Defendants in a manner allowed by Illinois law, the state in which this District is located. Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). Illinois law allows the Court to order alternate service on individuals when the plaintiff demonstrates that reasonable efforts to serve defendants by authorized methods have been unsuccessful. 735 ILCS 5/2-203.1. In such cases, the Court may order alternate service in any manner consistent with due process. Id. Due process requires that the manner of service must be reasonably calculated under the circumstances to give the defendant notice and the opportunity to be heard. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 315 (1950) .

DirecTV has demonstrated by affidavit that efforts to serve by authorized methods have been unsuccessful. DirecTV's proposal to serve by first class certified mail, return receipt requested, at the individual's

place of business accords with due process under the circumstances.  See e.g., Garcia v. Meza, 235 F.3d 287, 290 (7th Cir. 2000); Dobrowolski v. LaPorte, 348 N.E.2d 237, 240 (Ill. App. 3d Dist. 1976).  The Court hereby authorizes service by first class certified mail return receipt requested, upon Christina Preston at the principal place of business of Defendant Wild Berries, 115 S. Veterans Pkwy, Normal, Illinois  61761, with service to be effective upon the date that the returned green signature card is signed.

The affidavit of the process server on the unsuccessful return of service on Defendant Stephanie Karonis states that she lives in Peoria, Illinois, and works at the Wild Berries Restaurant in Peoria, Illinois.  Return of Service (d/e 6), at 3.  Service reasonably calculated to give Karonis notice in accordance with due process should be mailed to the Wild Berries restaurant in Peoria, Illinois. The Court therefore authorizes DirecTV to serve Defendant Karonis by alternate service by first class certified mail return receipt requested to Stephanie Karonis at the Wild Berries Restaurant located in Peoria, Illinois, with service to be effective upon the date that the returned green signature card is signed.

The request to authorize alternate service on Wild Berries is denied.  Illinois does not authorize the Court to order alternate service on limited liability companies such as Wild Berries.  Rather, DirecTV must attempt to

serve the registered agent at his registered office and at Wild Berries principal place of business stated in its articles of organization.  If both of those efforts fail, DirecTV may serve the Illinois Secretary of State as the agent for Wild Berries in the manner prescribed by Illinois law.  805 ILCS 180/1-50(b)(2) and (c).

WHEREFORE Plaintiff DirecTV, LLC's Motion to Approve Alternate Means of Service of Process (d/e 7) is ALLOWED IN PART.  Plaintiff DirecTV LLC is authorized to effect alternate service on the individual Defendants Christina Preston and Stephanie Karonis in the manner set forth in this Opinion.  The request for authority to effect alternate service on Defendant Wild Berries Group, LLC, is DENIED.

ENTER:  September 29, 2014

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE