E-FILED
Friday, 27 May, 2016  01:47:09 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DIRECTV, LLC, | ) Magistrate Judge Jonathan E. Hawley |
|     Plaintiff, | ) |
| v. | ) No. 1:14 cv 1256 SLD TSH |
| | ) |
| CHRISTINA PRESTON, STEPHANIE KARONIS, | ) Courtroom C |
|   and WILD BERRIES GROUP, LLC | ) |
|     Defendants. | ) |
| | ) |
| Wild Berry Three, Inc. and Stephanie Karonis | ) |
|     Third Party Respondents | ) |

**Plaintiff's Motion to Compel and Motion for Issuance of Summons to Confirm Conditional Judgments entered against Third Party Respondents Wild Berry Three, Inc. and Stephanie Karonis**

**NOW COMES** Plaintiff DIRECTV, LLC ("Plaintiff"), by its attorneys Dore Law Offices LLC/James M. Dore, and in moving this Court to: 1) Issue a Rule to Show Cause to Defendant Wild Berries Group LLC and 2) to enter conditional judgments against Third Party Respondents Wild Berry Three, Inc. and Stephanie Karonis, states as follows:

### Introduction

Plaintiff is a creditor of Wild Berries Group LLC as a result of a judgment entered on November 12, 2015 in the amount of $4,877.57 in this Court under Case No. 14 cv 1256. Plaintiff is now attempting to enforce the judgment in these proceedings.

### Motion to Compel

1. On December 9, 2015, Plaintiff issued a Citation to Discover Assets and Notice to Defendant Wild Berries Group LLC. Dckt #24. The Citation was served upon its registered agent Paul Motz on December 22, 2015, and such proof of service was filed with the Court. Dckt. # 26.

2. As a result of her failure to appear, on February 18, 2016 the Court: 1) issued a writ of body attachment against Stephanie Karonis; 2) entered a conditional judgment against Wild Berry Three, Inc., and 3) entered a conditional judgment against Stephanie Karonis. Dckt. #33.

3. On March 15, 2016, after being contacted by the US Marshall, Stephanie Karonis and Denise Karonis appeared in Court. Stephanie, Denise, and Plaintiff's counsel conferred about the document production and memorialized their conference in an email. Exhibit A – Email to Stephanie Karonis 3.15.16. The citation proceedings were continued; Stephanie agreed to produce all responsive documents to the citation, including organizational documents, bank account records, and tax returns of the corporate defendant by April 19, 2016. Ex. A. Stephanie received in hand the citation to Wild Berries Group LLC and the Third Party Citation directed to her. Ex. A.

The Court entered a minute order on March 15, 2016, which stated

"Minute Entry for proceedings held before Magistrate Judge Jonathan E. Hawley: Parties present in open court Atty James Dore on behalf of the Plaintiff and ProSe Dft Stephanie Karonis for a Citation Hearing on Tuesday, 3/15/2016. Court discharges the Writ of Body Attachment as to Dft Karonis. ProSe Dft provides an updated address and telephone number on the record, but indicates a new address should be provided soon. Court adjourns the Citation to allow parties and opportunity to discuss the matters. Plaintiff is to file an appropriate pleading with the Court if further relief is sought."

4. On April 19, 2016, Stephanie, Denise, and Christina Preston emailed Plaintiff's counsel stating no documents existed that were responsive to the citations. Exhibit B – Email Chain of 4.19.16. Plaintiff requested phone numbers and addresses for the respondents to discuss the matter. Plaintiff was then contacted by an attorney Ed Hull. Plaintiff's counsel informed Mr. Hull that he could not rely on his statements unless an appearance was filed to ensure Mr. Hull's role in this proceeding; no appearance has been filed on behalf of any of the respondents or the Defendant.

5. No documents have been produced as required by the Citations.

6. Upon information and belief, Stephanie, Denise, Christina Preston, and/or Wild Berries Group, LLC operated a restaurant for some years with the name "Wild Berries Restaurant" located at 115 S. Veterans Parkway, Normal, IL 61761. See Complaint, Dckt. #1, par. 6. It is

inconceivable to believe that the operation of a restaurant would generate no responsive documents to the citations. It is apparent that Defendant, Stephanie, Denise, and Christina Preston are refusing to provide responsive documents; there refusal to provide addresses and phone numbers to discuss this matter is even more indicative of their refusal to cooperate in these proceedings.

7. On April 20, 2016, Plaintiff sent a letter seeking to work out the dispute with Stephanie, Denise, Christina Preston, and/or Wild Berries Group, LLC. Exhibit C – Plaintiff's Letter of 4.20.16. There has been no response to Plaintiff's letter.

8. Plaintiff has attempted to confer with the Defendant and Third Party Respondent in good faith to address the document production before proceeding to court.

## Motions to Issue Summonses to Confirm Conditional Judgments

1. On February 18, 2016, the Court entered a conditional judgments against Wild Berry Three, Inc., and against Stephanie Karonis. Dckt. #33.

2. Neither Third Party Respondent has complied with the requirements of the Third Party Citations. As a result, Plaintiff seeks to issue summonses to make the conditional judgments final.

3. Federal Rule of Civ. P. 69 provides:

"Execution. (a) In General. (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Pursuant to Rule 69, as the Court sits in Illinois, Illinois law applies.

Under Illinois law, a judgment creditor may try to collect her judgment by serving a citation to discover assets upon an individual or entity believed to possess assets of the judgment debtor. See Ill. Sup.Ct. R. 277(b); 735 Ill. Comp. Stat. 5/2–1402.6. The citation to

discover assets initiates a supplemental proceeding that permits the judgment creditor to determine whether the citation recipient has assets of the debtor. If the recipient is in possession of the debtor's funds, a court may order the turnover of the assets. 735 Ill. Comp. Stat. 5/2–1402(c). See *Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir., 2013).

Illinois Rule 277(h), applicable to supplementary proceedings, provides:

"Sanctions. Any person who fails to obey a citation, subpoena, or order or other direction of the court issued pursuant to any provision of this rule may be punished for contempt. Any person who refuses to obey any order to deliver up or convey or assign any personal property or in an appropriate case its proceeds or value or title to lands, or choses in action, or evidences of debt may be committed until he has complied with the order or is discharged by due course of law. The court may also enforce its order against the real and personal property of that person."

Section 2–1402 permits a judgment creditor to initiate supplementary proceedings against a judgment debtor to discover assets of the debtor and to apply those assets to satisfy an unpaid judgment. 735 ILCS 5/2–1402(a) (West 2008); *Stonecrafters, Inc. v. Wholesale Life Insurance Brokerage, Inc.*, 393 Ill.App.3d 951, 958, 333 Ill.Dec. 530, 915 N.E.2d 51 (2009). Section 2–1402 endows the court with broad powers to compel the application of discovered assets to satisfy a judgment. *Id.* at 958. In fact, the court may compel a named third party, referred to as a third-party citation respondent, to turn over assets belonging to the judgment debtor. *Id.* See *Workforce Solutions v. Urban Servs. of Am., Inc.,* 2012 IL App (1st) 111410, ¶ 39-41, 977 N.E.2d 267.

The procedure for conducting supplementary proceedings shall be prescribed by rules. 735 ILCS 5/2–1402(a). Rule 277(a) provides:

"Supplementary Proceeding. When Proceeding May be Commenced and Against Whom; Subsequent Proceeding Against Same Party.

A supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement. The proceeding may be against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor."

735 ILCS 5/12-706(a) provides:

"Conditional judgment. (a) When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, returnable in the same manner as provided in Section 12-705 of this Act, commanding the garnishee to show cause why the judgment should not be made final. If the garnishee, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs. If the garnishee appears and answers, the same proceedings may be had as in other cases."

735 ILCS 1402(c)(4) authorizes the Court to enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

4. Despite having a writ of body attachment issued for her compliance wit the citation, Stephanie continues to obstruct these proceedings. It is apparent that it is Stephanie's intention to ignore these proceedings. Plaintiff seeks leave to issue summonses to confirm the conditional judgments as a result.

    **WHEREFORE**, Plaintiff requests the following from the Court:

    1) Order Defendant Wild Berries Group LLC, through its agents Stephanie Karonis, Denise Karonis, and Christina Preston to comply and produce documents responsive to the citation rider within 7 days;

    2) Order Third Party Respondent Stephanie Karonis to comply and produce documents responsive to the citation rider within 7 days;

    3) Authorize the issuance of summonses to confirm the conditional judgments against Stephanie Karonis and Wild Berry Three, Inc.;

    4) Enter a judgment for attorney's fees related to this motion and these proceedings, as required by Defendant's and Third Party's refusal to provide documents;

    5) and for other relief the Court deems just.

Plaintiff has provided a proposed order for this motion to the Court

Dated: May 27, 2016

/s/ James M. Dore
**Dore Law Offices LLC**
James M. Dore (IL ARDC #6296265)
*Counsel for DirectTV LLC – Plaintiff-Creditor*
134 N. La Salle St., Suite 1208
Chicago, IL   60602
P:  312.726.8401; F:  844.272.4628
E: james@dorelawoffices.com

### Certification

I hereby certify pursuant to Rule 37(a) that I have in good faith conferred or attempted to confer with the Defendants and Third Party Respondents related to the responses to Plaintiff's Citation Riders in its Citation to Discover Assets to Wild Berries and its Third Party Citation to Discover Assets to Stephanie Karonis in an effort to in good faith obtain the responses without court action.

Dated: May 27, 2016

s/  **James M. Dore**