UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

DIRECTV, LLC,

                              Plaintiff,

v.

CHRISTINA PRESTON,                        Case No. 1:14-CV-01256-SLD-JEH
STEPHANIE KARONIS, and WILD
BERRIES GROUP, LLC,

                              Defendants.

ORDER

Before the Court is a Motion for Attorney Fees and Costs by Plaintiff DirecTV, LLC

("DirecTV"), ECF No. 44, as well as a Motion to Strike Response to Motion, ECF No. 61,

against Defendants Wild Berries Group, LLC ("Wild Berries"), and Stephanie Karonis.  For the

following reasons, the motions are GRANTED.

BACKGROUND

DirecTV alleged in its Complaint, ECF No. 1, filed on June 26, 2014, that Wild Berries

Restaurant used DirecTV's residential satellite TV services without authorization from DirecTV

and in violation of 47 U.S.C. § 605(a).  Compl. 4–5.  After Defendants failed to respond to the

summons and complaint, the Court entered a default against Wild Berries and Karonis on

November 13, 2014.[1]  Entry of Default, ECF No. 15.  DirecTV moved for default judgment on

November 28, 2014, ECF No. 16, and the Court granted the motion in part on July 8, 2015. ECF

No. 18.  DirecTV sought statutory damages as well as costs and attorney's fees.  Pursuant to 47

U.S.C. § 605(e)(3), the Court awarded $1,000 in statutory damages and $3,877.57 in attorney's

---

[1] Christina Preston originally was listed as a defendant in the case, but after repeated failed attempts to serve her
with the Summons and Complaint, DirecTV dismissed her from its Complaint.  Notice Partial Dismissal, ECF No.
13.

1

fees and costs against Wild Berries, after finding that Karonis was not liable for a statutory violation. *Id.* at 7–10.

In the course of attempts to collect on the judgment, DirecTV issued citations to discover assets to Wild Berries, Wild Berry Three, Inc., and Stephanie Karonis. *See* Citations to Discover Assets, ECF Nos. 24, 28. Neither Karonis nor any representative of Wild Berries appeared at the Court's hearing on the matter, Feb. 18, 2016 Minute Entry, and after the parties to whom citations were directed failed to produce any responsive documents, DirecTV moved to compel compliance with the citation proceedings. *See* Mot. Compel, ECF No. 41. In the Motion to Compel, DirecTV recounted communications it had with Stephanie and Denise Karonis and Christina Preston regarding the requests for information in the citations, and expressed its belief that the Karonises, Preston, and/or Wild Berries, LLC had operated a restaurant named "Wild Berries Restaurant" in Normal, IL. Mot. Compel 2–3. The Magistrate Judge ordered Stephanie Karonis, Denise Karonis, and Christina Preston, as corporate representatives of Wild Berries, to comply with the citation and to produce responsive documents, ECF No. 43, which they did not do. DirecTV then moved to recover attorney's fees incurred by counsel in the course of the citation proceedings. Petition Att'y Fees, ECF No. 44.

At the Magistrate Judge's direction, DirecTV provided itemized documentation of the fees and costs incurred, claiming an additional $8,925 in attorney's fees. *Id.* at 5. Additionally, the motion listed $161.74 in total costs for service of subpoenas and citations. *Id.* The Magistrate Judge initially granted the motion, but later correctly determined that he lacked jurisdiction to do so, and vacated the order, granting the Defendants' motion to reconsider. Oct. 11, 2016 Minute Entry. He then referred the motion to this Court for disposition. The Petition for Attorney's Fees is now before the Court.

DISCUSSION

Federal Rule of Civil Procedure 69 directs courts to conduct the execution of a money judgment, as well as proceedings supplementary to the execution of that judgment, in accordance with state law, though "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The statute providing DirecTV's original cause of action, 47 U.S.C. § 605(e), states that the Court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii); however, it does not address the proper procedure for enforcing a judgment awarded under the statute. Therefore, the application of Illinois state law appropriately governs DirecTV's attempts to satisfy the judgment. *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 661–62 (7th Cir. 2009).

In Illinois, a collection proceeding, commenced by service of a citation on the party against whom it is brought, may be instigated "against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." Ill. Sup. Ct. R. 277(a). One such proceeding is a citation to discover assets, a tool by which a judgment creditor may "'discover assets or income of the debtor not exempt from the enforcement of the judgment' and . . . 'compel [ ] the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment.'" *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1111 (N.D. Ill. 2012) (citing 735 ILCS 5/2–1402(a)).

The citation may require that parties produce documents, books, or records concerning the property of the debtor, Ill. Sup. Ct. R. 277(c), which the magistrate judge ordered here. *See* Order on Mot. Compel, ECF No. 43. Failure to comply with an order of the court in a supplementary proceeding provides the basis for punishment by the Court. Ill. Sup. Ct. R. 277(h). Defendant Stephanie Karonis, and third parties Denise Karonis and Christina Preston,

repeatedly failed to respond to the citations to discover assets on behalf of Wild Berries, despite the Court's order. Due to the Defendants' and the third parties' failure to follow Court orders, failure to appear at scheduled hearings, and because their non-responsiveness has prolonged, needlessly, this litigation, the Court will award attorney's fees to DirecTV for the efforts it has expended to collect the judgment. *See Star Ins. Co.*, 561 F.3d at 663 (acknowledging the broad discretion of the district court to fashion a punishment when a third party violated a court order in a supplementary proceeding to enforce judgment).

Attorney's fees are calculated using a "lodestar" method that allows a Court to award "the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999). In a petition to seek attorney's fees, the fee applicant must produce "satisfactory evidence" that his rates are reasonably derived from the market rates for similar work done by attorneys in the community. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 647 (7th Cir. 2011). If the fee applicant fails to present such evidence, "the district court has the authority to make its own determination of a reasonable rate." *Id.* at 640.

In its Petition for Attorney's Fees and Costs, DirecTV itemized 29.75 hours of time spent pursuing post-judgment enforcement.[2] Petition Att'y Fees 5. The accrued hours include the time spent preparing the Citations to Discover Assets and litigating the Motion to Compel, stemming

---

[2] The Court notes the Seventh Circuit's concern that the hours "expended on [a] fee request" must "bear a rational relation to the number of hours spent litigating the merits of the case." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999). Here, Plaintiff spent only 20.19 hours litigating the merits of this case up to the entry of default judgment, Att'y Aff. Supp. Pl.'s Mot. Default J. 9, ECF No. 16–6, and Plaintiff's counsel now claims to have accrued 29.75 hours of post-judgment work, requesting almost $9,000 in attorney's fees to litigate the enforcement of a $1,000 statutory judgment. Though it is Plaintiff's prerogative to pursue enforcement of the judgment as it pleases, such lopsided expenditure of attorney time is not considered favorably by the Seventh Circuit.

from the failure of the judgment debtor and the third-party representatives to respond to the Court's directives or otherwise resolve the dispute. DirecTV asserted that attorneys' labor on these fairly straightforward jobs should be compensated at $300 an hour. *Id.* at 3. The total attorney's fees calculated by DirecTV for post-judgment enforcement proceedings is $8,925. *Id.*

DirecTV has provided no fee-related evidence other than the conclusory statement that it is "familiar with the reasonable rates" of attorneys doing similar work in the geographic area, Petition Att'y Fees 3, and that the associate billing rate for such work is $300 per hour. *See Pickett*, 664 F.3d at 647 (noting that appropriately persuasive evidence in an attorney's fees determination includes records of prior fee awards or "third party affidavits that attest to the billing rates of comparable attorneys"). In its previous order awarding attorney's fees in this case, the Court carefully analyzed fee awards in the Central District of Illinois to settle on appropriate rates for cases of similar complexity, determining that it would award $300 for partner work, $200 for associate work, and $75 for paralegal work. *See* Jul. 8, 2015 Order 9–10. The Court sees no reason to depart from the previous finding that the appropriate billing rate for associate work on a case of this level of complexity is $200.00. Using the lodestar method, the Court awards attorney's fees totaling $5,950 plus $161.74 in costs. Defendant Wild Berries Group, LLC, and its corporate representatives Stephanie Karonis, Christina Preston, and Denise Karonis, are jointly and severally responsible for compensating DirecTV for fees and costs totaling $6,111.74.

Additionally, DirecTV moves to strike the response filed by the Third Party Citation Respondents, ECF No. 61. Local Rule 7.1(B)(2) states that "[a]ny parties opposing a motion" must file a response within fourteen days after service of the motion, and in the case of untimely response, the Court "may rule without further notice to the parties." CDIL-LR 7.1(B)(2). The

Third Party Citation Respondents filed their response months after DirecTV filed its motion for attorney's fees and after responses were due, and provided no appropriate reason for the untimeliness. The Court grants DirecTV's Motion to Strike the Response to the Motion for Attorney Fees and Costs, ECF No. 61.

## CONCLUSION

The Petition for Attorney's Fees and Costs, ECF No. 44, is granted. The Court finds it reasonable to award $5,950 in attorney's fees plus $161.74 in costs, totaling $6,111.74. DirecTV's Motion to Strike the Response to the Motion for Attorney Fees and Costs, ECF No. 61, is granted. The clerk is directed to strike the Response to the Motion for Attorney Fees and Costs, ECF No. 60.

Entered May 18, 2017.

s/ Sara Darrow

_____
SARA DARROW
UNITED STATES DISTRICT JUDGE